**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 20-497-DLB**

**JOHN SUGG**                                                                                                          **PETITIONER**

**v.**                                        **MEMORANDUM OPINION AND ORDER**

**WARDEN FRANCISCO QUINTANA,**                                                         **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

John Sugg is an inmate at the Federal Medical Center (FMC) in Lexington, Kentucky. Proceeding without an attorney, Sugg recently filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). While Sugg's submission is difficult to follow, at bottom, he suggests that the Bureau of Prisons (BOP) has run afoul of the First Step Act, which was enacted in December 2018, as well as other provisions of federal law, by improperly calculating his release date. (*See id.*). Sugg's petition is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

The Court has fully reviewed Sugg's petition, but it will deny his request for habeas relief at this time. That is because Sugg has not yet fully exhausted his administrative remedies regarding the matter raised in his petition, as required before seeking § 2241 habeas relief. *See Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Indeed, Sugg makes it clear that he only communicated about the issue with his case manager and certain officials at FMC – Lexington, such as the Warden in a recent, November 2020 e-mail. (*See* Doc. # 1-1 at 2-5, 11; Doc. # 1-6). That does not constitute full exhaustion.

1

Under the law, there is a multi-tiered administrative grievance process within the BOP.  If a matter cannot be resolved informally via a so-called "BP-8 Form," the prisoner must file an Administrative Remedy Request Form (BP-9 Form) with the Warden, who has 20 days to respond.  If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond.  If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond.  *See* 28 C.F.R. §§ 542.14, 542.15, and 542.18.   Once the prisoner has fully exhausted his administrative remedies, he may then file an action in federal court.

Here, it is clear from Sugg's submission that he has not yet fully completed the BOP's administrative grievance process.   And while Sugg repeatedly claims that the grievance/administrative remedy process is "not applicable" to him (*see* Doc. # 1 at 2-3) and that his petition "is exempt from exhaustion requirements" (*see* Doc. # 1-1 at 11), he cites no binding legal authority that supports this position.  If anything, this Court has recently made it clear that full administrative exhaustion *is* required, including in cases involving sentence-calculation claims and the First Step Act.  *See Travis v. Beard*, No. 0:20-cv-145-HRW, at Doc. # 4 (E.D. Ky. Dec. 2, 2020).  Therefore, the Court will deny Sugg's petition at this time.

Accordingly, it is **ORDERED** as follows:

(1)    Sugg's current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED** without prejudice to his right to file a new action once he has fully exhausted his administrative remedies;

(2)    All pending motions are **DENIED** as moot;

2

(3)     This action is **STRICKEN** from the Court's docket; and

(4)     The Court will enter a corresponding Judgment.

This 16th day of December, 2020.



Signed By:

*David L. Bunning*

**United States District Judge**

J:\DATA\ORDERS\PSO Orders\5-20-497 MOO.docx

3